**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------x
JOHN PETRI,                              )
                                         )
              Plaintiff,                 )
                                         )
                                         )    CIVIL ACTION NO. 07-6142
SHEET METAL WORKERS'                     )    JUDGE KOELTL
NATIONAL PENSION FUND, and               )
THE BOARD OF TRUSTEES OF THE             )
SHEET METAL WORKERS                      )
NATIONAL PENSION FUND, as                )    DEFENDANT'S ANSWER TO
Administrator of the Pension Plan of the )    AMENDED COMPLAINT
SHEET METAL WORKERS'                     )
NATIONAL PENSION FUND,                   )
                                         )
              Defendants.                )
                                         )
------------------------------------------------------x
```

Defendants, the Sheet Metal Workers' National Pension Fund, and the Board of Trustees of the Sheet Metal Workers' National Pension Fund (collectively, the "Fund"), by and through its attorneys, Slevin & Hart, P.C., hereby file their answer to the Amended Complaint of Plaintiff John Petri ("Plaintiff").

Unless specifically admitted, the Fund denies each and every factual allegation set forth in the Amended Complaint asserted by Plaintiff. In response to the Amended Complaint, the Fund states as follows:

1. The allegations in paragraph 1 contain legal conclusions for which no responsive pleading is required. To the extent that the allegations contained in this paragraph make reference to factual matters, the Fund denies the allegations made therein.

2. The allegations in paragraph 2 contain legal conclusions for which no responsive pleading is required. To the extent that the allegations contained in this paragraph make reference to factual matters, the Fund denies the allegations made therein.

3. The allegations in paragraph 3 contain legal conclusions for which no responsive pleading is required. To the extent that the allegations contained in this paragraph make reference to factual matters, the Fund denies the allegations made therein.

4. The allegations in paragraph 4 contain legal conclusions for which no responsive pleading is required. To the extent that the allegations contained in this paragraph make reference to factual matters, the Fund denies the allegations made therein.

5. The Fund admits that Plaintiff was a participant within the meaning of the Fund's plan of benefits ("Plan"), but denies knowledge or information sufficient to form a belief as to the truth of falsity of the remaining allegations set forth in paragraph 5.

6. The Fund admits that it is a multiemployer pension plan and that the Fund provides pension benefits to participants subject to the terms and conditions of the Plan. The remaining factual allegations set forth in paragraph 6 are denied.

7. The Fund admits the allegations set forth in paragraph 7.

8. The Fund denies the allegations set forth in paragraph 8.

9. The Fund denies the allegations set forth in paragraph 9 except that the Fund admits that Plaintiff began receiving a benefit from the Plan in 2002.

10. The Fund admits that it sent a letter to Plaintiff on or about June 5, 2006, and to the extent that the allegations set forth in paragraph 10 make reference to a written document, that document speaks for itself. To the extent that a further responsive is required, the allegations in paragraph 10 are denied.

11. The Fund admits the allegations set forth in paragraph 11.

12. The Fund admits that it sent a letter to Plaintiff on or about September 12, 2006, and to the extent that the allegations set forth in paragraph 12 make reference to a written document, that document speaks for itself. To the extent that a further responsive is required, the other allegations in paragraph 12 are denied.

13. The Fund admits that it sent a letter to Plaintiff on or about September 12, 2006, and to the extent that the allegations set forth in paragraph 13 make reference to a written document, that document speaks for itself. To the extent that a further responsive is required, the other allegations in paragraph 13 are denied.

14. The Fund admits the allegations set forth in paragraph 14.

15. The Fund admits that Plaintiff wrote a letter dated February 5, 2007, and to the extent that the allegations set forth in paragraph 15 make reference to a written document, that document speaks for itself. The Fund specifically denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations set forth in that document.

16. To the extent that the allegations set forth in paragraph 16 make reference to a written document, that document speaks for itself. To the extent that a further responsive is required, the allegations in paragraph 16 are denied.

17. To the extent that the allegations set forth in paragraph 17 make reference to a written document, that document speaks for itself. As to the additional allegation in paragraph 17 regarding John's Metal Works, Inc., the Fund denies knowledge or information sufficient to form a belief as to the truth of falsity of such allegations.

18. To the extent that the allegations set forth in paragraph 18 make reference to a written document, that document speaks for itself. To the extent that a further responsive is required, the allegations in paragraph 18 are denied.

19. To the extent that the allegations set forth in paragraph 19 make reference to a written document, that document speaks for itself. As for the specific allegation that the Fund advised that "roofing work is Disqualifying Employment under the Plan," the Fund states that it informed Plaintiff that his work with Sheet Metal Master and John's Metal Works was Disqualifying Employment under the Plan. To the extent that a further responsive is required, the allegations in paragraph 19 are denied.

20. The Fund denies the allegations set forth in paragraph 20.

21. To the extent that the allegations set forth in paragraph 21 make reference to a written document, that document speaks for itself.

22. The Fund denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations set forth in paragraph 22.

23. The Fund denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations set forth in paragraph 23.

24. To the extent that the allegations set forth in paragraph 24 make reference to a written document, that document speaks for itself. To the extent that the allegations set forth in paragraph 24 contain opinions or legal conclusions, no responsive pleading is

required. To the extent that a further responsive is required, the allegations in paragraph 24 are denied.

25. The Fund denies the allegations set forth in paragraph 25. Specifically, the Fund advised Plaintiff by letter dated May 24, 2007 that "[t]he Plan provides that a Participant may work in Disqualifying Employment up to 40-hours per month once he reaches age 65 without suspension of benefits."

26. To the extent that the allegations set forth in paragraph 26 make reference to one or more written documents, those documents speak for themselves.

27. The Fund denies the allegations set forth in paragraph 27, as set forth more fully in response to paragraph 25.

28. To the extent that the allegations set forth in paragraph 28 make reference to a written document, that document speaks for itself.

29. The Fund denies the allegations set forth in paragraph 29, as set forth more fully in response to paragraph 25.

30. The allegations in paragraph 30 contain opinions and legal conclusions for which no responsive pleading is required. To the extent that the allegations contained in these paragraphs make reference to factual matters, the Fund denies knowledge or information sufficient to form a belief as to the truth or falsity of such allegations.

31. To the extent that the allegations set forth in paragraph 31 make reference to a written document, that document speaks for itself. To the extent that the allegations set forth in paragraph 31 contain factual allegations, the Fund denies such allegations.

## **FIRST CLAIM FOR RELIEF**

32. The allegations in paragraph 32 contain opinions and/or legal conclusions for which no responsive pleading is required.

33. The allegations in paragraph 33 contain opinions and/or legal conclusions for which no responsive pleading is required.

34. To the extent that the allegations set forth in paragraph 34 make reference to a regulation, that regulation speaks for itself. To the extent that the allegations set forth in paragraph 34 contain opinions and/or legal conclusions, no responsive pleading is required as to such allegations.

35. To the extent that the allegations set forth in paragraph 34 make reference to the terms of the Plan, the Plan speaks for itself. To the extent that the allegations set forth in paragraphs 35 contain opinions and/or legal conclusions, no responsive pleading is required as to such allegations.

36. To the extent that the allegations set forth in paragraph 36 make reference to the terms of the Plan, the Plan speaks for itself. To the extent that the allegations set forth in paragraphs 36 contain opinions and/or legal conclusions, no responsive pleading is required as to such allegations.

37. To the extent that the allegations set forth in paragraph 37 make reference to a regulation, that regulation speaks for itself. To the extent that the allegations set forth in paragraph 37 contain opinions and/or legal conclusions, no responsive pleading is required as to such allegations.

38. The allegations in paragraph 38 contain opinions and/or legal conclusions for which no responsive pleading is required. To the extent that a responsive is required, the allegations in paragraph 38 are denied.

### SECOND CLAIM FOR INDIVIDUAL RELIEF

39. To the extent that the allegations set forth in paragraph 39 make reference to a regulation, that regulation speaks for itself. To the extent that the allegations set forth in paragraph 39 make reference to the Plan, the Plan speaks for itself. To the extent that the allegations set forth in paragraph 39 contain opinions and/or legal conclusions, no responsive pleading is required as to such allegations.

40. The Fund denies the allegations in paragraph 40, as set forth more fully in response to paragraph 25. To the extent that the allegations set forth in paragraph 40 contain opinions and/or legal conclusions, no responsive pleading is required as to such allegations.

41. To the extent that the allegations set forth in paragraph 41 make reference to a written document, that document speaks for itself. To the extent that the allegations set forth in paragraph 41 contain factual allegations, the Fund denies such allegations.

42. The allegations in paragraph 42 contain opinions and/or legal conclusions for which no responsive pleading is required. To the extent that a responsive is required, the allegations in paragraph 42 are denied.

43. To the extent that the allegations set forth in paragraph 43 make reference to a regulation, that regulation speaks for itself. To the extent that the allegations set forth in paragraph 43 contain opinions and/or legal conclusions, no responsive pleading is

required as to such allegations. To the extent that a responsive is required, the allegations in paragraph 43 are denied.

44.  To the extent that the allegations set forth in paragraph 44 make reference to the terms of the Plan, the Plan speaks for itself. To the extent that the allegations set forth in paragraph 44 contain opinions and/or legal conclusions, no responsive pleading is required as to such allegations. To the extent that a responsive is required, the allegations in paragraph 44 are denied.

45.  To the extent that the allegations set forth in paragraph 45 make reference to a written document, that document speaks for itself. To the extent that the allegations set forth in paragraph 45 contain factual allegations, the Fund denies such allegations.

46.  The allegations in paragraph 46 contain opinions and/or legal conclusions for which no responsive pleading is required. To the extent that a responsive is required, the allegations in paragraph 46 are denied.

47.  The allegations set forth in paragraph 47 make reference to a written document, and that document speaks for itself, but the Fund specifically denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations set forth in that document.

48.  The allegations in paragraph 48 contain opinions and/or legal conclusions for which no responsive pleading is required. To the extent that a responsive is required, the allegations in paragraph 48 are denied.

49.  The allegations in paragraph 49 contain opinions and/or legal conclusions for which no responsive pleading is required. To the extent that a responsive is required, the allegations in paragraph 49 are denied.

50. The allegations in paragraph 50 contain opinions and/or legal conclusions for which no responsive pleading is required. To the extent that a responsive is required, the allegations in paragraph 50 are denied.

51. To the extent that the allegations set forth in paragraph 51 make reference to the terms of the Plan, the Plan speaks for itself. To the extent that the allegations set forth in paragraph 51 contain opinions and/or legal conclusions, no responsive pleading is required as to such allegations. To the extent that a responsive is required, the allegations in paragraph 51 are denied.

52. The allegations in paragraph 52 contain opinions and/or legal conclusions for which no responsive pleading is required. To the extent that a responsive is required, the allegations in paragraph 52 are denied.

**THIRD CLAIM FOR INDIVIDUAL RELIEF**

53. The Fund denies the allegations contained paragraph 53.

54. The Fund denies the allegations contained paragraph 54.

55. The allegations in paragraph 55 contain opinions and/or legal conclusions for which no responsive pleading is required. To the extent that the allegations contained in this paragraph make reference to factual matters, the Fund denies such allegations.

56 The allegations in paragraph 56 contain opinions and/or legal conclusions for which no responsive pleading is required.

57. The allegations in paragraph 57 contain opinions and/or legal conclusions for which no responsive pleading is required.

58. The allegations in paragraph 58 contain opinions and/or legal conclusions for which no responsive pleading is required. To the extent that the allegations contained in this paragraph make reference to factual matters, the Fund denies such allegations.

59. The allegations in paragraph 59 contain opinions and/or legal conclusions for which no responsive pleading is required.

60. The allegations in paragraph 60 contain opinions and/or legal conclusions for which no responsive pleading is required. To the extent that the allegations contained in this paragraph make reference to factual matters, the Fund denies such allegations.

61. To the extent that the allegations set forth in paragraph 61 make reference to the terms of the Plan, the Plan speaks for itself. To the extent that the allegations set forth in paragraphs 61 contain opinions and/or legal conclusions, no responsive pleading is required as to such allegations.

62. The allegations in paragraph 62 contain opinions and/or legal conclusions for which no responsive pleading is required. To the extent that the allegations contained in this paragraph make reference to factual matters, the Fund denies such allegations.

63. The Fund denies the allegations set forth in paragraph 63. To the extent that the allegations set forth in paragraph 63 contain opinions or legal conclusions, no responsive pleading is required.

## **FOURTH CLAIM FOR RELIEF**

64. The allegations in paragraph 64 contain opinions and/or legal conclusions for which no responsive pleading is required.

65. The allegations in paragraph 65 contain opinions and/or legal conclusions for which no responsive pleading is required.

66. The allegations in paragraph 66 contain opinions and/or legal conclusions for which no responsive pleading is required.

67. The allegations in paragraph 67 contain opinions and/or legal conclusions for which no responsive pleading is required. To the extent that the allegations contained in this paragraph make reference to factual matters, the Fund denies such allegations.

68. The allegations in paragraph 68 contain opinions and/or legal conclusions for which no responsive pleading is required.

69. The allegations in paragraph 69 contain opinions and/or legal conclusions for which no responsive pleading is required.

70. The allegations in paragraph 70 contain opinions and/or legal conclusions for which no responsive pleading is required.

71. The Fund denies the allegations set forth in paragraph 71.

72. The allegations in paragraph 72 contain opinions and/or legal conclusions for which no responsive pleading is required. To the extent that the allegations contained in this paragraph make reference to factual matters, the Fund denies such allegations.

73. The allegations in paragraph 73 contain opinions and/or legal conclusions for which no responsive pleading is required. To the extent that the allegations contained in this paragraph make reference to factual matters, the Fund denies such allegations.

WHEREFORE, the Fund denies that Plaintiff is entitled to entry of judgment. The Fund respectfully requests that this Court dismiss Plaintiff's Amended Complaint and award the Fund the costs of litigation, reasonable attorneys' fees, and such additional relief as may be just and appropriate at the conclusion of this litigation.

## **AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION**

74. The Fund reiterates the answers, denials and/or averments set forth in paragraphs 1-67 above and asserts the following affirmative defenses.

### **FIRST AFFIMATIVE DEFENSE**

75. Plaintiff has failed to state any claim upon which relief can be granted in whole or in part in the Complaint filed with this Court.

### **SECOND AFFIMATIVE DEFENSE**

76. The claims asserted by Plaintiff are barred by the doctrine of waiver.

### **THIRD AFFIMATIVE DEFENSE**

77. The claims asserted by Plaintiff are barred by the doctrines of unclean hands and/or laches.

### **FOURTH DEFENSE**

78. The claims asserted by Plaintiff are barred by the doctrine of legal and/or equitable estoppel.

### **FIFTH AFFIMATIVE DEFENSE**

79. The claims asserted by Plaintiff are barred, in whole or in part, because Plaintiff failed to exhaust his appeal rights under the Plan.

**WHEREFORE**, Defendants pray that the Court grant the following relief:

(1) Render judgment in favor of Defendants and against Plaintiff;

(2) Award Defendants their reasonable attorney's fees and costs; and

(3) Award Defendants such further legal, equitable, or other relief as is just and proper.

Date: December 12, 2007                                      Respectfully submitted,

 s/Brian Petruska_____
Marc H. Rifkind, Esq.
Brian J. Petruska, Esq. (BP 6173)
Christopher J. Schulte, Esq.
SLEVIN & HART, P.C.
1625 Massachusetts Ave., N.W.
Suite 450
Washington, D.C.  20036
Tel:  (202) 797-8700
Fax: (202) 234-8231

Attorneys for Defendants
Sheet Metal Workers National
Pension Fund, and the Board of
Trustees of the Sheet Metal Workers
National Pension Fund

79473