# SAPIR & FRUMKIN LLP
ATTORNEYS AT LAW
399 KNOLLWOOD ROAD, SUITE 310
WHITE PLAINS, NEW YORK 10603
WRITER'S EMAIL: WFrumkin@sapirfrumkin.com

DONALD L. SAPIR
WILLIAM D. FRUMKIN*

DANIEL T. DRIESEN
WILLIAM F. CUSACK III
ELIZABETH E. HUNTER***
SCOTT R. ABRAHAM**

*ADMITTED IN N.Y. & CT.
**ADMITTED IN N.Y. & N.J.
***ADMITTED IN N.Y. & CA.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/08
```

TEL: (914) 328-0366
FAX: (914) 682-9128

PARALEGAL
RACHEL L. HORTON


JUN 2 2008
CHAMBERS OF
JUDGE JOHN G. KOELTL

June 2, 2008

*Via Facsimile and Regular Mail*
Facsimile No.: (212) 805-7912

Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1030
New York, New York 10007

Re: Petri, John v. Sheet Metal Workers National Pension Fund
Civil Action No. 07 Civ. 6142 (JGK)(THK)
Our File No. 08-7950

Dear Judge Koeltl:

[Handwritten notations:
1. If Ms. F. Elkins requests that her deposition be taken in Washington, D.C., and she lives and works in or near there, that should be the place for the deposition and no costs or fees should be imposed for conducting the deposition there.
2. A sixty day extension is reasonable. The parties should submit a revised scheduling order to the Court.
So ordered.
6/3/08
JGKoeltl
U.S.D.J.]

We represent Plaintiff John Petri ("Plaintiff"), in the above-referenced matter. This action arises under the Employee Retirement Income Security Act (ERISA), and involves the suspension of Plaintiff's benefits for alleged disqualifying employment during his retirement. Plaintiff commenced this action in the Southern District of New York pursuant to ERISA § 502(e)(2), 29 U.S.C.§ 1132(e)(2), because the plan is administered in this District. I write to you in advance of the deposition of Debbie Elkins, the Pension Manager of Defendant Sheet Metal Workers National Pension Fund ("Defendant"), scheduled for June 5, 2008, to resolve the issue of the location of her deposition. The parties to this action attempted in good faith to initially resolve this dispute, however, we now seek intervention from the Court.

Plaintiff served Defendant on May 15, 2008 with a Notice of Deposition pursuant to Rule 30 of the Federal Rules of Civil Procedure, designating Ms. Elkins as the person to be deposed on

Hon. John G. Koeltl            -2-            June 2, 2008
United States District Judge

the basis that she signed off on all correspondence suspending his benefits and, as such, is the managing agent (as defined by caselaw) of Defendant. *Sugarhill Records Ltd. v. Motown Record Corp., et al.*, 105 F.R.D. 166 (S.D.N.Y. 1985)(citing *Proseus v. Anchor Line, Ltd.*, 26 F.R.D. 165, 166-67 (S.D.N.Y. 1960); *Williams v. Lehigh R.R. Co.*, 19 F.R.D. 285 (S.D.N.Y. 1956)). Defendant does not oppose producing Ms. Elkins for a deposition, but will only produce her in Washington, D.C., Defendant's primary place of business. Defendant's counsel has also indicated his intention that he is representing her personally and will invoke the attorney-client privilege at her deposition, despite his claim that Ms. Elkins is a non-party witness. To the contrary, we believe that as a managing agent of Defendant, Ms. Elkins' testimony at her deposition can bind the Defendant, based upon Ms. Elkins' general powers to exercise judgment and discretion in corporate matters, her ability to give testimony, her position of authority, and her general responsibilities respecting the matters involved in the litigation. *Kolb v. A.H. Bull Steamship Co.*, 31 F.R.D. 252, 254 (E.D.N.Y. 1962). Thus, we believe that Ms. Elkins' deposition should be conducted in the Southern District of New York. If ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) enables a plan participant to commence a lawsuit in any district where the plan is administered, then it seems illogical for Plaintiff to commence the instant action in New York, only to be required to travel to Washington D.C. for the deposition of a witness who can bind the Defendant. Under Defendant's reasoning, we are fortunate that we only have to travel to Washington, D.C., as we might have been forced to go to Alaska or Hawaii if that is where its principal place of business is located. In light of ERISA's venue provision this is unduly burdensome on participants who have to sue to obtain benefits.

Rule 30(b) of the Federal Rules of Civil Procedure makes it clear that the location designated for the taking of a deposition is solely within the discretion of the Court. *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94 (S.D.N.Y. 1960). Defendant cannot contend that travel on behalf of the fund by one of its managing agents is unexpected or that such travel to New York for deposition imposes a severe burden or financial hardship on it. *See Reliable Volkswagen Sales and Service Co. v. World-wide Automobiles Corp.*, 26 F.R.D. 592, 594 (D.N.J. 1960). Moreover, Defendant cannot establish that the absence of Ms. Elkins from the work place for a brief period imposes a substantial hardship on Defendant. *See Tomingas*, 45 F.R.D. at 97. On the other hand, it would be an extreme financial hardship for Plaintiff to bear the costs of traveling to Washington, D.C. to conduct the deposition of Ms. Elkins.

Alternatively, if the Court finds that the proper venue for the deposition of Ms. Elkins is at the location of Defendant's principal place of business, Defendant should bear the reasonable traveling expenses incurred by counsel for Plaintiff to attend the deposition. *Sugarhill Records, Ltd. v. Motown Record Corp.*, 105 F.R.D. 166 (S.D.N.Y. 1985).

We also respectfully seek a 60-day extension of the discovery deadline on the basis that we were substituted in as counsel on March 17, 2008, after this matter was well under way. Furthermore, based upon the current dispute, it is reasonable to believe that the deposition of Ms. Elkins may not be conducted before the discovery deadline of June 18, 2008.

Hon. John G. Koeltl        -3-        June 2, 2008
United States District Judge

    Thank you for your courtesies in this matter. If you have any questions, please do not hesitate to contact me.

                          Respectfully submitted,

                          William D. Frumkin (WF 2173)

WDF:SRA

cc:   Christopher J. Schulte, Esq. (via facsimile and regular mail)
      Mr. John Petri (via first class mail)

F:\APPLICAT\WP\Petri\Letters\L-USDJ Koeltl.06.02.08.wpd\rlh\dp