# SLEVIN & HART, P.C.

Attorneys at Law
1625 Massachusetts Avenue, N.W., Suite 450
Washington, D.C. 20036
(202) 797-8700
Fax (202) 234-8231

MARC RIFKIND
Member of the Firm

Writer's Direct Dial: (202) 797-2203
Mrifkind@slevinhart.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-10-08

September 8, 2008

*VIA FACSIMILE*

Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1030
New York, NY 10007

*[Handwritten: The plaintiff can take the single deposition of Mr. Colombo without otherwise extending the discovery period. So ordered. [signature] 9/9/08 U.S.D.J.]*

Re: *Petri, John v. Sheet Metal Workers National Pension Fund*
Civil Action No. 07 Civ. 6142 (JGK)(THK)
Our File No. 08-7950

Dear Hon. John G. Koeltl:

Defendants Sheet Metal Workers' National Pension Fund, et al oppose Plaintiff John Petri's request for yet another extension of the discovery period. There is no basis for granting this request. To begin with, Petri has already has already been granted two extensions of the discovery deadline: from April 18, 2008 to June 18, 2008 and then to August 18, 2008. There is no justification for extending the discovery schedule yet again when the only relevant evidence in the case is the documents provided to the Fund's Appeals Committee who decided his appeal. See *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2nd Cir. 1995) ("[W]hen reviewing decisions of plan fiduciaries under the arbitrary and capricious standard, district courts may consider only the evidence that the fiduciaries themselves considered.")

Kenneth Colombo, who Petri seeks to depose, was not a member of that Committee and, thus, his testimony has no relevance to Petri's challenge to the Committee's decision on his appeal. See *Miller, supra*. Accordingly, Petri's counsel's claim that a deposition of Colombo is critical to his case makes no sense. The reason that Petri is seeking to depose Colombo is that he was the Fund employee who made the determination, prior to the appeal to the Committee, that Petri was working in disqualifying employment within the meaning of the Fund's Plan of benefits and, therefore, was ineligible for pension benefits at the time he submitted his pension application. But Petri's counsel learned that fact, at the latest, when Trustee Ronald Palmerick, one of the two members of the Committee, testified at his deposition on July 2, 2008 that Colombo made the initial decision for the Fund.



Hon. John G. Koeltl
September 8, 2008
Page 2 of 2

    At no time between July 2, 2008 and the end of the discovery period did Petri notice Colombo for a deposition. Petri offer no good cause for this failure. Neither does Petri explain why he failed to request an extension of the discovery period prior to the close of discovery as opposed to three weeks after the period expired.

                                                   Sincerely,

                                                   Marc Rifkind

MHR:msj:785.70

cc:    William D. Frumkin

134667