```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────
JOHN PETRI,

                    Plaintiff,         07 Civ. 6142 (JGK)

        - against -                    MEMORANDUM OPINION AND
                                       ORDER
SHEET METAL WORKERS' NAT'L PENSION
FUND, ET AL.,

                    Defendants.
────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

John Petri ("the plaintiff") brought this suit seeking benefits from the Sheet Metal Workers' National Pension Fund and its Board of Trustees ("the defendants") under an ERISA plan. On September 28, 2009, this Court granted summary judgment in favor of the defendants, finding that the plaintiff failed to explain why the defendants' decision to terminate benefits was unreasonable because the plaintiff did not "deny the underlying fact that Petri was employed by a Contributing Employer after he began receiving Early Retirement Pension benefits." Petri v. Sheet Metal Workers' Nat'l Pension Fund, No. 07 Civ. 6142, 2009 WL 3075868, at *8 (S.D.N.Y. Sept. 28, 2009). The plaintiff will not be eligible for his remaining retirement income until 2011, after he has repaid the early retirement income he already received. (Petri Decl. ¶ 6, Nov. 9, 2009.)

The defendants now seek attorneys' fees in the amount of $69,474.00.

This Court has the discretion to award reasonable attorneys' fees and costs to either party in an action to enforce a beneficiary's rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(1).  See Slupinski v. First Unum Life Ins. Co., 554 F.3d 38, 47 (2d Cir. 2009).  The Court determines whether to award attorneys' fees based on the following factors:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

Id. (quoting Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987)).

The Court of Appeals for the Second Circuit has instructed that the ERISA attorneys' fees provision must be "liberally construed" to protect ERISA plaintiffs because it is intended to "encourage beneficiaries to enforce their statutory rights." Slupinski, 554 F.3d at 47 (internal quotation marks omitted). On the other hand, courts do sometimes award attorneys' fees to prevailing defendants and the defendant in this case is a union pension fund that should not have to shoulder unnecessary costs that deplete the funds available for other plan beneficiaries.

See Seitzman v. Sun Life Assurance Co. of Canada, Inc., 311 F.3d 477, 488 (2d Cir. 2002) (affirming grant of reduced attorneys' fees to defendant insurer).

The plaintiff argues that the Court did not question the merits of the plaintiff's position. However, the Court's review was under the arbitrary and capricious standard and the Court did not find that the plaintiff's position had merit. Indeed, the Court found that the defendants' determination was "clearly reasonable" and "close to unassailable." Petri, 2009 WL 3075868 at *8.

The analysis of the relevant factors, on balance, tips in favor of awarding attorneys' fees. First, the plaintiff's pursuit of his benefits was culpable because there was no colorable basis for the plaintiff's claim in view of the plaintiff's own statements regarding the nature of his disqualifying employment. It is plain that a finding of culpability does not require a showing of bad faith. See Alfano v. CIGNA Life Ins. Co. of New York, No. 07 Civ. 9661, 2009 WL 890626, at *1 (S.D.N.Y. Apr. 2, 2009) (collecting cases). Moreover, a losing defendant is more likely to be culpable than a losing plaintiff because a losing defendant violated rights under ERISA whereas a losing plaintiff may have only been unable to prove the plaintiff's case. See Salovaara v. Eckert, 222 F.3d 19, 28 (2d Cir. 2000). However, the plaintiff here was

unable to present a colorable argument that the defendants' determination was unreasonable because the plaintiff did not deny that he was engaged in disqualifying employment after receiving early retirement benefits.

The second Chambless factor, the plaintiff's ability to pay, cautions against an award because the plaintiff has shown that he cannot pay the full amount the defendants request. The plaintiff is reliant on Social Security benefits and has had knee replacement surgery that interferes with his ability to work. (Petri Decl. ¶ 5, Nov. 9, 2009.) However, the Court can award some compensation and gear it to the plaintiff's ability to pay. See Seitzman, 311 F.3d at 487-88 (affirming reduction of attorneys' fee award due to plaintiff's inability to pay full amount).

As to the final three Chambless factors, they either favor the defendants or favor neither party. Under the third factor, an award would have the salutary effect of discouraging unmeritorious claims. Fourth, the defendants here had the much stronger position. The fifth factor is neutral—there is no common benefit to a group other than the possible preservation of pension plan assets. Therefore, an award of attorneys' fees is appropriate in this case.

However, the defendants' $69,474.00 fee is unreasonable in this case. The fee represents a bill for over 330 hours.

4

(Rifkind Decl. ¶¶ 5-6, Oct. 13, 2009.)  The hours are excessive for the work that was required, although the rate was reasonable.  Moreover, it exceeds the reasonable amount that the plaintiff could pay.  However, the plaintiff could pay a much reduced amount when he once again receives retirement income.

## CONCLUSION

The Court orders the plaintiff to pay attorneys' fees in the amount of $10,000 payable at the rate of $2,000 per year, beginning in 2011 at such time when the plaintiff begins to receive his retirement benefits again.

The Clerk is directed to close Docket No. 40.

**SO ORDERED.**

Dated:   New York, New York
         July 14, 2010

_____
John G. Koeltl
United States District Judge